In the Matter of the Application of THE MORTGAGE CORPORATION OF NEW YORK, Respondent, against MENAN REALTY CORPORATION, Appellant.

Second Department, January 15, 1940.

*Lionel Golub,* for the appellant.

*C. A. Meeker,* for the respondent.

JOHNSTON, J. This appeal involves the construction of section 1077-c of the Civil Practice Act, which reads in part as follows:

" § 1077-c. Notice of application. Notwithstanding the foregoing provisions, any person who would otherwise have the right to foreclose a mortgage, shall have the right to make an application to any court in which such foreclosure action might be brought upon eight days notice, served personally, or in such manner as the court may direct to the last record owner of the mortgaged property, and if upon such application it shall appear to the satisfaction of the court that the mortgaged property during the six months prior to the application shall have produced a surplus over and above the taxes, interest and all other carrying charges, then the court may make an order directing the payment of such surplus or such part thereof as the court may determine to the

mortgagee to apply toward the reduction of any past due principal. In the event of default in making of such payment for thirty days after service of a copy thereof with notice of entry thereof, then and in such event the applicant may maintain an action to foreclose such mortgage. In any such proceeding the court may enter an order permitting foreclosure without other proof if the owner of the property shall fail to make available for inspection by the mortgagee and the court all records and data available as to the income and disbursements, or if the owner shall fail to produce adequate records or data of income and disbursements."

Appellant, Menan Realty Corporation (hereinafter called the owner), owns a three-story apartment house at No. 137 Heberton avenue, Port Richmond, Staten Island. Respondent, the Mortgage Corporation of New York (hereinafter called the mortgagee), is the holder of a $65,000 bond secured by a first mortgage on the premises. The mortgagee holds the bond and mortgage as trustee for the holders of participation certificates therein.

The principal of the bond has been reduced to $58,800 and the principal as thus reduced became due and payable on November 1, 1937. The owner has defaulted in the payment of the principal but has not defaulted in the payment of taxes or interest. On November 4, 1938, the mortgagee demanded that the owner pay, in reduction of the principal, the surplus income produced by the property for the six-month period from May 1, 1938, to November 1, 1938, and at the same time requested an examination of the owner's books and records. On November 22, 1938, the mortgagee had such examination and ascertained, according to its computation, that for the period mentioned the surplus over taxes, interest and all other carrying charges amounted to $1,748.48. Of this surplus $500 was paid in reduction of the principal on May 1, 1939, so that the unpaid balance of this surplus for the period was $1,248.48.

The owner having refused or failed to pay over this balance, the mortgagee made an application to compel it to do so. The application was initiated by the service of a notice of motion dated June 5, 1939, together with a petition, and was returnable June 22, 1939. The owner opposed the application on the ground, among others, that the court had no authority to consider the application because under the statute (Civ. Prac. Act, § 1077-c), the court may direct payment, in reduction of the principal, of the surplus only for the six-month period immediately prior to the application, whereas the period for which the surplus was sought to be reached upon this application commenced thirteen months and ended seven months prior to the application. The learned Special Term granted the application to the extent of

directing the owner to pay $900 to the mortgagee in reduction of the principal and providing that in the event of default in making such payment, an action may be maintained to foreclose the mortgage.

In my opinion the court had no authority to grant the application. The statute, by its express language, permits the court to make an order directing payment of the surplus in reduction of the principal if it appears to its satisfaction that the mortgaged property during " the six months prior to the application shall have produced a surplus." This language is clear and hardly needs interpretation. It should be noted, however, that the word " the " is used, thus emphasizing that the surplus may be reached only for the specified period mentioned in the statute and not for any six-month period preceding the application which might be selected by the mortgagee.

Plainly, the purpose of the statute is to afford some measure of relief to the diligent mortgagee without unduly oppressing the owner. If the mortgagee were permitted to reach the surplus of any six-month period he could wait indefinitely and then, when it suited his purpose, he could suddenly demand such surplus under threat of foreclosure. In the interim, the owner, having made all payments of taxes and interest, would be justified in treating the surplus as his own. The beneficent purpose of the moratorium statutes would be defeated if the statute were construed so as to permit the surplus to be reached for any six-month period, for in many cases the surplus is not retained and is not available.

Of course, it may be argued that the mortgagee, without an examination of the owner's records, has no definite means of ascertaining the existence of the surplus and that it necessarily requires some time before an examination of the owner's books can be obtained and the existence of the surplus ascertained, particularly where the owner resists an examination or is otherwise not co-operative. But if the mortgagee suspects that there is a surplus and the owner refuses or delays an examination of his books, the mortgagee may, nevertheless, make his application under the statute and require the owner to produce his records upon such application " for inspection by the mortgagee and the court." (*Matter of Mortgage Commission* v. *Salisch*, 248 App. Div. 739.)

It is unnecessary to consider the other questions raised either in the court below or in this court.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Lazansky, P. J., Hagarty, Adel and Close, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.