In the Matter of the Application of THE MORTGAGE CORPORATION
OF NEW YORK, as Trustee, etc., Petitioner.*

Supreme Court, Special Term, Queens County, January 17, 1941.

*James E. O' Kane,* for the petitioner.

*Choate, Byrd, Leon & Garretson,* for the Coronal Realty Corporation, respondent.

HOOLEY, J.   Motion to compel respondent to pay surplus and for inspection.   Respondent opposes the application upon the ground that it was not necessary to be brought because respondent has at all times been willing to make its records available for inspection.

However, in view of the decision in *Matter of Mortgage Corporation* v. *Menan Realty Co.* (258 App. Div. 429; affd., 282 N. Y. 724), to the effect that the court may not direct the payment of a surplus except for the six months' period preceding the application, the petitioner is entitled to the relief sought.   While the decisions seem to indicate that the owner may offer his books for inspection without applica-

---

* See *Matter of Title Guarantee & Trust Co.* v. *Foxvale Realty Corp., Inc.* (261 App. Div. 438).

tion to the court by the mortgagee, nevertheless, in view of the foregoing decision, if a diligent mortgagee suspects that there is a surplus and desires to make application for the surplus of each six months' period without the loss of any intervening time, it becomes absolutely necessary that he make his application to the court for the inspection returnable on the first day succeeding the six months' period. Otherwise, if the owner offers his books to the mortgagee at the termination of the six months' period for inspection, and thereafter there is a dispute as to the amount of the surplus and the parties cannot adjust the matter amicably, as a result of which the mortgagee has to make an application to court on eight days' notice to the owner, it is obvious that there has been some loss of time with a probable loss to the mortgagee. In fact, that was the very thing that happened in the *Menan* case (*supra*). There the owner had always co-operated in the matter of an inspection, and after an inspection had been demanded and complied with, and the amount of surplus disclosed by such inspection had been the subject of unsuccessful negotiations for settlement over a period of months, petitioner applied for an order directing payment of the surplus. However, the Appellate Division, in reversing the lower court which had granted the motion, held that surplus could be reached only for the six months' period prior to the application and not for any six months' period preceding the application which might be selected by the mortgagee.

The resulting situation clearly indicates the need for an amendment by the Legislature to section 1077-c of the Civil Practice Act. Provision should be made for a thirty-day period, during which an owner could voluntarily submit his books and records to the mortgagee. Then if it developed that there was a surplus, provision could be made for an application to the court for the payment of the surplus arising in the six months' period ending within thirty days next prior to the date of the application. In this way owners who are perfectly willing to offer their books and records for inspection could do so without the obligation of being forced to go to court.

The court reluctantly grants the motion herein. The order to be entered shall recite the respondent's offer of inspection.

Settle order on notice.