In the Matter of TITLE GUARANTEE AND TRUST COMPANY, Respondent, against FOXVALE REALTY CORPORATION, INC., Appellant.

Argued October 15, 1941; decided November 27, 1941.

*David Stein, Jesse Starkman, Walter E. Knox* and *Arthur Knox* for appellant. The petition should have been dismissed because it did not conform with the statutory requirements. (*Low* v. *Banker's Trust Co.*, 265 N. Y. 264; *Cleary* v. *N. Y. State Railways*, 199 App. Div. 28; *Clinton Trust Co.* v. *Mahoney*, 252 App. Div. 763; *Jamaica Sav. Bank* v. *Risian Realty Corp.*, 165 Misc. Rep. 372; *Chase Nat. Bank* v. *Guardian Realties, Inc.*, 283 N. Y. 350; *Matter of Mortgage Corp.* v. *Menan Realty Corp.*, 258 App. Div. 429; 282 N. Y. 724.)

*C. Elmer Spedick* and *John C. O'Malley* for respondent. The procedure of respondent in the examination of appellant's books for the period from February 1st to July 31st was both proper and timely. (*Matter of Mortgage Commission [Salisch]*, 248 App. Div. 739; *Chase Nat. Bank* v. *Guardian Realties, Inc.*, 283 N. Y. 350.)

*Per Curiam.* In statutory proceedings, under section 1077-c of the Civil Practice Act, the court may direct payment only of the surplus produced " during the six months prior to the application." (*Matter of Mortgage Corp.* v. *Menan Realty Corp.*, 282 N. Y. 724; *Matter of Chase Nat. Bank* v. *Guardian Realties, Inc.*, 283 N. Y. 350.) The order of Special Term directing payment of a surplus produced during a different six-month period cannot be sustained on the ground that here the owner of the mortgaged property waived limitations upon the statutory power of the court by its consent to an examination of its records during the period specified in the order. The mortgagee has been afforded opportunity to examine the records showing receipts and disbursements during the six-month period ending July 31, 1940, and, upon the application made under section 1077-c, the court might require production of evidence showing receipts and disbursements for the subsequent period until the application under section 1077-c was made so that the surplus produced during the statutory period could be computed. That would constitute a practical procedure upon this and similar applications.

The orders should be reversed and the matter remitted to the Special Term for a rehearing which will enable it to determine what surplus, if any, was produced during the statutory period, with costs in all courts to abide the event.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.