In the Matter of the Application of EAST RIVER SAVINGS BANK, Petitioner, for an Order against LASH REALTY Co., INC., Respondent.

Supreme Court, Special Term, New York County, February 25, 1942.

*Bernard, Remsen, Nobiletti & Millham,* for the petitioner.

*Kurzman & Frank,* for the respondent.

WALTER, J. A mortgagee here moves for leave to foreclose because of respondent's failure to make available all records and data concerning the operation of the mortgaged premises for the

six months' period from April 1, 1941, to September 30, 1941. Careful study of needlessly verbose and badly constructed affidavits convinces me that, if respondent's contention that all available records have been exhibited be true, then there has been a failure to keep such records as are necessary to show whether or not the mortgaged property has produced a surplus over and above the taxes, interest, and all other carrying charges. I am also of the opinion that section 1077-c of the Civil Practice Act plainly contemplates that such records as are necessary for that purpose must be kept, and that a failure to keep such records, as well as a failure to exhibit such records as are kept, will justify leave to foreclose.

A question remains, however, as to the jurisdiction of the court.

Notice of the motion was served on January 16, 1942. It states that it is made upon two affidavits annexed. Those affidavits disclose that by notice of motion returnable on October 1, 1941, petitioner moved for, and on October 7, 1941, obtained, an order directing respondent to make records available    Upon that statement alone, denial of the application would be necessary, because the mere existence of an order directing that records be made available does not make this application one relating to the six months prior to the application as is requisite under the now-settled construction of section 1077-c of the Civil Practice Act. (*Matter of Title Guarantee & Trust Co.* v. *Foxvale Realty Corp.*, 287 N. Y. 147; *Matter of Emigrant Industrial Savings Bank* v. *Shelburn Realty Corp.*, 178 Misc. 62; *Bowery Savings Bank* v. *Ershowsky*, N. Y. L. J. Feb. 7, 1942, p. 589, and opinion on reargument thereof which is filed herewith.) Inasmuch, however, as the papers herein are entitled in the proceeding in which the order of October 7, 1941, was made, and the index number given, the court has indulged counsel to the extent of requisitioning that order from the files, and inspection thereof discloses that it not only directed respondent to make the records available but also provided that upon failure so to do petitioner should have leave to foreclose the mortgage " without further notice or order of the court," and, still further, that it provided that if it appeared that the mortgaged premises produced a surplus during the six months ending September 30, 1941, petitioner might apply for a further order directing payment of such surplus and that in default of payment petitioner might foreclose. That order further provided that the court " hereby does retain jurisdiction of this matter for the making of such other and further orders as it deems just and proper in the premises."

It thus here appears that by a petition and notice of motion served on September 12, 1941, and returnable October 1, 1941, petitioner instituted a proceeding for all the relief authorized by section 1077-c of the Civil Practice Act for a six months' period ending on September 30, 1941, and that the present motion is a motion in the proceeding so instituted, and I regard that as a sufficient compliance with the statute as construed in *Matter of Title Guarantee & Trust Co.* v. *Foxvale Realty Corp.* (*supra*).

In an effort further to clarify the situation, I repeat: Section 1077-c of the Civil Practice Act provides for an application which will or may lead to various kinds of relief, *i. e.*, examination of records, obtaining of the surplus income if any, or leave to foreclose. The application always must relate to a period of six months prior to the application. The simpler procedure appears to me to be the one I indicated in *Matter of Emigrant Industrial Savings Bank* v. *Shelburn Realty Corp.* (*supra*); but if the application be brought on by notice of motion rather than by order to show cause it still will suffice if the petitioner pray for all the various kinds of relief and if the proceeding be kept pending until the ultimate relief possible is obtained. A special proceeding once instituted remains pending until terminated even though interlocutory or intermediate orders be made in the course thereof.

I hence conclude that the court here has jurisdiction and that the motion should be granted. Settle order.