In the Matter of BOWERY SAVINGS BANK, Petitioner.

263–5 WEST 137 ST. CORPORATION, Respondent.

Supreme Court, Special Term, New York County, March 11, 1943.

*Cadwalader, Wickersham & Taft* for petitioner.

*Harold Flatto* for respondent.

Schmuck, J.   Motion denied.   While another reason exists the court is satisfied to rest its denial of this application on the ground of laches which under the circumstances may not be condoned.   Section 1077-c of the Civil Practice Act was enacted as an emergency measure to tide over an extraordinary situation, that compelled a temporary repudiation of contractual rights and responsibilities.   It purposed to lift some of the hardship visited upon a mortgagee whose right to foreclose had suffered a moratorium.   From its very nature it was expected to be availed of with reasonable expedition.   The fact that the order requiring the mortgagor or owner in possession to prepare and file a statement of income and disbursements and to make available for inspection all records and data regarding income and disbursements also provided that the court retained jurisdiction of the proceeding for the making of such other and further order as it may deem just and proper does not excuse a delay to effectuate the proceeding particularly when the procrastination has led to a change in position and created a sense of security.   The respondent herein in compliance with the order forwarded and gave to petitioner a statement and presented for inspection records showing a deficit for the six-month period specified in the court's mandate.   All this occurred a year ago and until this application was made respondent had no reason to expect that its statement was unsatisfactory.

It is not beyond reasonable probability that in the operation of investment real estate that the operator would make use of the proceeds of the property either for improvement, repair or other purposes if no immediate call on the surplus existed.   It is not strange that having heard no dissatisfaction with its statement for at least one year that the respondent distributed the net income for the period in question among its stockholders.

Furthermore, there is no absolute necessity for the court to accept petitioner's contention that its claim of a surplus is to be accepted rather than respondent's claim of a deficit. Between auditors who had no actual knowledge of the operation of the property and the ones who personally managed and made the expenditures the court is inclined to favor the assertions of the latter.

At any rate, broadly applying the doctrine of *Matter of Mortgage Corp.* v. *Menan Realty Corp.* (258 App. Div. 429) and *Matter of Title Guarantee & Trust Co.* v. *Foxvale Realty Corp.* (287 N. Y. 147), it would seem that this petition comes too late.