In the Matter of the Application of P. WALKER MORRISON et al., as Trustees under a Declaration of Trust and a Plan or Reorganization for Series B-K Mortgage Investments, Petitioners, for an Order Directing SAUL ALTMAN et al., Respondents, to Pay to Said Trustees Surplus Income from Real Property.

Supreme Court, Special Term, Kings County, April 22, 1943.

*Kramer & Kaprow* for petitioners.

*J. Leon Israel* for respondents.

CUFF, J. This is an application by petitioners, mortgagees, for an order directing the mortgagor of the mortgaged premises

to account to them for any surplus over interest, taxes and carrying charges derived from the rents during the calendar year ending December 31, 1942, and for other relief, as authorized by section 1077-c of the Civil Practice Act, as amended. This controversy arises because petitioners, availing themselves of the 1942 amendment to section 1077-c (L. 1942, ch. 790), demand the accounting for the full calendar year 1942, in spite of the fact that they maintained and concluded heretofore a similar proceeding based upon a part of 1942, to wit, the six months' period from April 1st to September 30th. When the last-mentioned proceeding was brought, section 1077-c restricted the basic period to the six months immediately preceding the application.

Taking effect January 1, 1943, section 1077-c was amended, changing the basic period from six months to "the preceding calendar year * * *" (L. 1942, ch. 790).

Petitioners' application is timely. The notice was served on March 6th. The amendment requires that " notice thereof shall be served on or before the fifteenth day of March following the close " of the calendar year, the accounts of which are sought to be inspected. The question is, should petitioners be allowed to inspect again the accounts for the six months — April 1 to September 30, 1942 — which were covered in the prior proceeding, the accounting for which period has already been judicially settled?

The statute as amended limits inspection to the arbitrary period of one year — no more, no less. Petitioners have not had an accounting for the three months of October, November and December, 1942. On the calendar-year basis their next application would be for the calendar year 1943, which of course would omit the last quarter of 1942. It would not seem that the amendatory transition from the basic period of six months to the basic period of twelve months was intended to work a forfeiture against a mortgagee of the beneficial effects of the statute for any period.

To allow an inspection for a calendar year which overlaps a period already covered in a prior proceeding is to grant two inspections for the same period. There is no authority for that. It would be unjust to and burdensome on the mortgagor. It appears that the amendment of 1942 takes care of the situation for its rigidity is relaxed by the following language: " * * * for good cause shown, the court may entertain an application made on the basis of a period of twelve months other than the calendar year." (L. 1942, ch. 790.) That provision authorizes a proceeding based upon any twelve-month

period provided the petitioner shows " good cause " for deviating from the calendar-year basis.

In the case at bar there is presented the situation where it is clear that unless petitioners are permitted to base their application upon the fiscal year October 1, 1942, to September 30, 1943, the last quarter of 1942 will be exempted and completely lost to petitioners forever in the accounting to which the statute (§ 1077-c) in its main objective entitles them. The mere statement of that condition is to establish " good cause ".

Such an interpretation is not out of harmony with the reasons projected for the enactment of the amendment. (L. 1942, ch. 790.) The Judicial Council, following a suggestion by Supreme Court Justice HOOLEY (*Matter of Mortgage Corp. of N. Y.,* 175 Misc. 958), gave three reasons for recommending the change. The first two — (a) cases where mortgagor operates on a fiscal year, and (b) cases where for justifiable reasons the principals agree upon the period — have no application here. The third reason is germane. It refers to " (c) cases of hardship " and there is set forth an example " such as " where a mortgagee would otherwise be required to wait more than a year because his mortgage did not mature on the last day of the calendar year. (Judicial Council, Eighth Annual Report and Studies, pp. 482, 483.) The " such as " in that reason indicates that the example was not intended to exclude other " cases of hardship ". Petitioners' situation is a real case of hardship, which falls within those cases where the court is given discretionary power to require a mortgagor to account for " a period of twelve months other than the calendar year."

But to revert to the proceeding before the court, petitioners seek an accounting for the calendar year 1942. Because they have already had the benefit of an accounting, judicially settled, for a part of 1942 (April 1 to September 30), there is no authority for granting them that identical relief again.

Petitioners pray that, in the event their application based upon the calendar year 1942 is denied, they be accorded permission " to bring a new proceeding for the twelve month period ending September 30, 1943." They need no permission of the court to institute that proceeding. The statute states: "* * * any person who would otherwise have the right to foreclose a mortgage, shall have the *right* to make an application * * *." (§ 1077-c. Italics mine.)

This application based upon the calendar year is denied.