In the Matter of MANUFACTURERS TRUST COMPANY, as Trustee, Petitioner, against CALM HOLDING CORP., Respondent.

Supreme Court, Special Term, Kings County, April 20, 1945.

*Clarence A. Meeker* for petitioner.

*Harold M. Sichel* for respondent.

WALSH, J. In this proceeding under section 1077-c of the Civil Practice Act the owner appears and objects to submitting his books and records to the mortgagee for inspection upon the ground that no demand for the inspection was made prior to the commencement of the proceeding. It is urged that owners who are willing to co-operate and exhibit their records should not be compelled to bear the expense of a proceeding.

Prior to the amendment of section 1077-c of the Civil Practice Act in 1942 (L. 1942, ch. 790) the proceeding was to collect surplus produced during the six months prior to the application, and it had been the practice to arrange for an inspection but not to make an application unless the owner refused an inspection. *Matter of Mortgage Corp.* v. *Menan Realty Corp.* (258 App. Div. 429, affd. 282 N. Y. 724) held that the income period was the six months immediately preceding the making of the application, and that the court had no authority to direct payment of surplus other than that produced during that period. Hence there was no interim period in which the mortgagee could inspect the records. If the mortgagee inspected the records without a proceeding he could not obtain the surplus income derived from the property for a part of the period covered by the inspection. Following *Matter of Mortgage Corp.* v. *Menan Realty Corp.* (*supra*), Mr. Justice HOOLEY in *Matter of Mortgage Corporation of New York* (175 Misc. 958) reluctantly granted an application where no demand had been made. He pointed out that the only remedy was an amendment to section 1077-c to provide a thirty-day period during which an owner could voluntarily submit his books. This suggestion was considered by the Judicial Council in its Eighth Annual Report, but the Council suggested a two and a half-month period (Eighth Annual Report of N. Y. Judicial Council, pp. 473, 481–482). The Legislature amended section 1077-c to provide that " The application shall be made on the basis of the preceding calendar year and notice thereof shall be served on or before the fifteenth day of March following the close of such calendar year * * *." The amendment, however, did not provide that a demand for inspection should be made before the application to the court.

Further, the mortgagee contends that under the section as amended many owners expressed the desire to have the inspection postponed until after March 15th and the completion of tax reports, and that mortgagees generally established the practice of serving notice of the application before March 15th and allowing a substantial time after March 15th for the

inspection. In the instant case the owner was granted forty-two days. It is also pointed out by the mortgagee that as a matter of practice where it appears that no surplus is available the proceeding is discontinued, and if surplus is available the attorneys for owners have thereafter filed notices of appearance.

Although the section does not require a demand before commencing a proceeding, sound business practice would seem to indicate that a demand should be made during the first fifteen days of the year and the owner should be allowed fifteen additional days to make his books available. If the owner does not comply within that time the proceeding may be commenced during the remaining forty-five days. If owners cannot make their records available within thirty days after the close of the calendar year, they should not be heard to complain about the necessity of answering a proceeding.

The court is convinced in this case that the petitioner has proceeded in good faith in accordance with the statute and without any desire to burden the owner. On the other hand, the court is not impressed by the good faith of the respondent. The suggestion outlined above, if followed, would promote harmony and better relationship between mortgagors and mortgagees. The motion is granted.